### BANKSON v. ILLINOIS CENT. R. CO.

(District Court, N. D. Iowa, E. D.    April 30, 1912.)

1. PLEADING (§ 64*)—PETITION—SEPARATE CAUSES OF ACTION.

   A petition which attempts to allege two causes of action for wrongful death against a railroad company, one based on federal Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), and the other for common-law negligence, under Code Iowa 1897, § 2071, must allege the same in separate counts (sections 3545, 3559).

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

2. PLEADING (§ 53*)—JOINDER OF CAUSES OF ACTION—IOWA STATUTE.

   Under Code Iowa 1897, § 3545, which provides that "causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party and against the same party, in the same right, and if action on all may be tried in that county, may be joined in the same petition," a petition by the legal representative of a decedent against a railroad company to recover for his wrongful death may declare in separate counts on a cause of action based on the federal Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), and also on one based on common-law negligence under a state statute, and may recover under whichever statute appears from the evidence to be applicable.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117; Dec. Dig. § 53.*]

At Law. Action by Sophia K. Bankson, administratrix of the estate of David E. Bankson, deceased, against the Illinois Central Railroad Company. On motion to require plaintiff to separate petition into counts and to elect between them. First part sustained, and second overruled.

J. T. Sullivan, for plaintiff.
Helsell & Helsell and T. J. Fitzpatrick, for defendant.

REED, District Judge. The defendant on the first day of the present term of court, filed a motion asking (1) that plaintiff be required to divide and separate the causes of action alleged in a single count of the petition, and set forth the same in separate counts thereof; (2) that the plaintiff be required to elect upon which of the causes of action alleged in the petition she will rely for recovery against the defendant. This motion is based upon the ground that two distinct and

separate causes of action against the defendant are alleged in a single count of the petition. The motion might well be denied, because prior to filing the same, the defendant answered the petition. See Code of Iowa 1897, § 3551.

[1] The petition, however, is such that the motion to separate and divide the causes of action therein alleged should be sustained; and the court may upon its own motion require this to be done. Code, § 3617. The petition in a single count alleges:

"That the plaintiff is the administratrix of the estate of one David E. Bankson, deceased, and that at the time of his death he was in the employ of the defendant railroad company as a conductor of one of its trains running from Freeport, in the state of Illinois, to Waterloo, in the state of Iowa, and was engaged as such conductor in interstate commerce, and that the defendant was also so engaged; that through the negligence of the defendant and certain of its employés said deceased was while so engaged in such interstate commerce so injured in the state of Illinois by reason of such negligence that he died shortly thereafter in said state, to wit, on July 8, 1910."

The petition contains an allegation:

"That this action is brought by the plaintiff as administratrix of the estate of said deceased, for the benefit of his widow and minor child, under the provisions of the Iowa statute, and the federal statute."

If the deceased was injured in the state of Illinois, as the petition alleges, it is not apparent from the facts alleged what right of recovery the plaintiff would have under the Iowa statute.

The facts, somewhat loosely alleged, are of such character that the deceased may have lost his life while he was engaged as an employé of the defendant in interstate commerce between the states of Illinois and Iowa; or, if not so engaged, that he might be entitled to recover against the defendant under the general law of negligence, operative both in the states of Illinois and Iowa. Two causes of action are therefore attempted to be alleged in the petition; and under such circumstances it is the duty of the plaintiff to distinctly allege in separate counts of the petition the facts upon which she relies as constituting these different causes of action, and she is not permitted to allege them in a single count thereof. Code of Iowa (1897) §§ 3545–3559.

If the deceased was injured through the neglect of the defendant railroad company, or some of its employés, while he was engaged in operating a train carrying interstate commerce between the states of Iowa and Illinois, then the plaintiff would be entitled to recover of the defendant only under the Employer's Liability Act of Congress for the benefit of the surviving widow and children of the deceased, if any, or, if none, then for some other dependent relative, for that act supersedes all state laws upon the subject. Mondou v. Railroad Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. ——. It is not distinctly alleged in the petition that the deceased left surviving him a widow or minor children, or other dependent relatives; and, in the absence of any such relatives, the action could not be maintained by the plaintiff under the Employer's Liability Act of Congress. If the deceased received his injuries through the neglect of the defendant railroad company or some of its

servants or employés while he was not engaged in interstate commerce, then the plaintiff's right of recovery for such injury, if at all, would be under the state law and for the benefit of his estate, because in that event the Employer's Liability Act of Congress would not affect the state law upon the subject. The motion to require the plaintiff to separate and divide the causes of action alleged in the single count of her petition into separate and distinct counts is therefore sustained, and the plaintiff will be required to amend her petition, and so state the facts constituting such causes of action in separate counts of the petition within five days.

[2] The defendant's motion to require the plaintiff to elect upon which cause of action she will rely for recovery against the defendant is denied. Section 3545 of the Iowa Code (1897) provides:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same right, and if action on all may be brought and tried in that county, may be joined in the same petition; but the court may direct all or any portion of the issues joined to be tried separately, and may determine the order thereof."

This authorizes the plaintiff to state in her petition as many causes of action as she may have against the railroad company; but she must do so in separate counts of the petition; and where the same acts of negligence would entitle her to recover, either under the Employers' Liability Act of Congress, or under the general law of negligence, she can, of course, have but one recovery; and being thus authorized to unite in a single petition, in different counts thereof, as many causes of action as she may have, she cannot rightly be required upon filing her petition to elect upon which of said causes of action she will rely for recovery. It may be that at the time of filing her petition she knows the acts of negligence upon which she relies for recovery; but whether they authorize a recovery under the Employer's Liability Act of Congress, or the general law of negligence, she may not then be able to determine; and the facts may be of such a character that they would have to be submitted to the jury to determine whether the injury to the deceased occurred while he was engaged in interstate commerce, or while he was not so engaged. It may be that at the close of the testimony it will clearly appear that he was or was not engaged in interstate commerce, and that the court may then determine the question as one of law, or they may be such as to require the submission of the question to the jury to determine that question.

If the defendant through its own neglect or some of its employés has inflicted an injury upon the deceased which caused his death, and it is legally liable therefor, whether that injury was inflicted while the decedent was engaged in interstate commerce, or while he was not so engaged, the defendant should respond therefor; but, of course, it can be required to respond but once, and whether or not the recovery shall be under the Employer's Liability Act of Congress for the benefit of the dependent relatives of the deceased, if there are any, or shall be for the benefit of his estate, the defendant is not particularly interested, except as this may bear on the amount of the recovery. All that it is interested in is that it shall not be required

to respond in damages if it is not liable therefor; or, if liable, that it shall be required to respond but once for the same acts of negligence.

No reason is perceived why, if the plaintiff at the time of commencing the action is uncertain as to whether under the facts she is entitled to recover under the Employer's Liability Act of Congress, or the general law of negligence in force in the states of Iowa or Illinois, she may not state in different counts of her petition the acts of negligence she relies upon, and recover either under the act of Congress or the general law of negligence as the facts when developed may show; and it seems entirely clear that under the Iowa practice act she cannot, upon filing her petition, be required to then elect upon which of said causes of action she will rely for recovery. Code, § 3545; Watters v. City of Waterloo, 126 Iowa, 199–201, 101 N. W. 871. This cause was originally brought in the state court, and removed hereto by the defendant upon the ground of diverse citizenship. The right of removal is not challenged by the plaintiff, but she acquiesces therein. No question, therefore, of the right of removal under the amendment to the Employer's Liability Act of Congress of April 5, 1910 (Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), is considered or determined.

The motion to require the plaintiff to elect upon which cause of action she will rely for recovery is overruled.