## THOMAS v. CHICAGO & N. W. RY. CO.

(District Court, N. D. Iowa, Cedar Rapids Division. February 17, 1913.)

No. 19.

1. DEATH (§§ 11, 32, 83*)—RIGHT OF ACTION—STATUTES—EMPLOYER'S LIABILITY ACT.

Under the federal Employer's Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), creating a right of action against railroad companies engaged in interstate com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

merce in favor of employés injured through the railroad company's neglect, or that of any of its officers or agents, and, in case of death of such employé from such injuries before he is compensated therefor, in favor of his personal representative, for the benefit of his surviving widow and children, if any, and, if none, of his parents, and, if none, of his next of kin dependent on him, no action can be maintained for the benefit of relatives other than those specified, and the action conferred on the relatives specified is independent of that given to the servant, and does not include any damages that he might have recovered had he lived, but is given for the pecuniary loss which such relatives may have sustained because of decedent's untimely death.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15, 47, 48, 107; Dec. Dig. §§ 11, 32, 83.*]

2. REMOVAL OF CAUSES (§ 25*)—ACTIONS REMOVABLE—PETITION.

Where an action was instituted in an Iowa state court by an Iowa administratrix against an Illinois railroad company engaged in interstate commerce for the death of plaintiff's intestate while employed by defendant in such commerce, but the petition failed to allege that decedent left surviving him a widow, child, parent, or next of kin, for whose benefit a right of action survives and should be brought under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), the petition did not state a cause of action thereunder, though it alleged that by reason of the facts alleged a cause of action had accrued to plaintiff against defendant under and by virtue of that act, and hence the action was removable for diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

3. ACTION (§ 45*)—JOINDER—PETITION—SEPARATE COUNTS.

It is permissible under the Iowa practice for plaintiff to allege different causes of action in separate counts of the petition.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. § 45.*]

At Law. Action by Maud M. Thomas, as administratrix of the estate of Ernest H. Thomas, deceased, against the Chicago & Northwestern Railway Company. On motion of plaintiff to remand. Denied.

Dawley & Wheeler, of Cedar Rapids, Iowa, and Searle & Marshall, of Rock Island, Ill., for plaintiff.

James C. Davis, of Des Moines, Iowa, for defendant.

REED, District Judge. This action was commenced by the plaintiff, a citizen of Iowa, in the district court of Iowa in and for Linn county, August 23, 1912, and was, in due time, removed by the defendant to this court.

The petition is in two counts, the first of which alleges: That the plaintiff is the duly appointed and legally qualified administratrix in the state of Iowa of the estate of Ernest H. Thomas, deceased, and that defendant is a railway corporation engaged as a common carrier by railroad in interstate commerce. That one of its lines of railway extends from Chicago, in the state of Illinois, into and through the state of Iowa. That on or about November 6, 1910, said Ernest H.

Thomas was in the employ of the defendant in interstate commerce as a brakeman upon a freight train in which were being transported cars and freight from points without the state of Iowa to points in and beyond that state. That while plaintiff's intestate was engaged in the performance of his duty in switching said train in defendant's railroad yard at Tama, Iowa, his foot became caught in a frog or switch, which the defendant had negligently failed to properly block or guard and keep the same in repair, so as to be reasonably safe for its employés; and, being unable to extricate the same, he was struck by said train and received injuries which then and there caused his death, and by reason of his death his estate has been damaged in the sum of $25,000. That by reason of the foregoing a cause of action has accrued to the plaintiff against the defendant under and by virtue of the provisions of the act of Congress approved April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases." Judgment is asked against the defendant in said sum of $25,000 and costs.

In the second count it is alleged: For further cause of action against the defendant, plaintiff refers to and makes a part hereof all the allegations of count 1, excepting the allegations "that defendant was engaged in interstate commerce, and that plaintiff's intestate was employed in interstate commerce," as fully as though the same were herein repeated at length. That by reason of said facts a cause of action has accrued to plaintiff against the defendant under and by virtue of the provisions of the statutes of the state of Iowa. Judgment is asked against the defendant upon this count of the petition in the sum of $25,000 and costs.

In due time the defendant removed the action to this court upon the ground alone of the diverse citizenship of the parties; and the plaintiff moves to remand it to the state court upon two grounds, viz.: (1) That this court has no jurisdiction of the action. (2) That the removal of the action is expressly forbidden by the amendment of April 5, 1910 (36 Stat. 291, c. 143 [U. S. Comp. St. Supp. 1911, p. 1324]), to the act of April 22, 1908, and section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]).

The first count of the petition purports to rest upon the Employer's Liability Act of Congress approved April 22, 1908 (35 Stat. 65, c. 149), as amended by the act of April 5, 1910, commonly known as the Employer's Liability Act of Congress. That act provides:

"That every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents, and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of the carrier, or any of its officers, agents or employés."

By the amendment of · April 5, 1910, it is provided that:

"The jurisdiction of the courts of the United States under this act shall be concurrent with that of the several states, and that no case arising under this act, and brought in any state court of competent jurisdiction, shall be removed to any court of the United States."

Also that, in case of the death of such injured employé, any right of action given by the act to a person suffering injury shall survive to his or her personal representative—

"for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents, and, if none, then of the next of kin dependent upon such employé; but in such cases there shall be only one recovery, for the same injury."

In any action brought in the proper District Court of the United States under this act as thus amended, or removed thereto from any state court, it cannot rightly be said that the United States court "has no jurisdiction thereof," for under said act the proper state and United States courts are given concurrent jurisdiction of the same. It is obvious, however, that Congress by the amendment intended to give to the injured employé, or, in case of his death, his personal representative, the right to sue for such injuries, or death, in either the proper state or United States court; and if suit is brought therefor in the state court, the plaintiff may seasonably object to its removal by the defendant to a United States court, and, if removed over his objection, he may have it remanded by the United States court to the state court from which it is removed. Should he not, however, if the cause is removed to the United States court, seasonably move to remand the same, and should consent to its remaining in the United States court, the action may rightly proceed to final judgment therein the same as though it had been originally brought in that court. The objection that this court is without jurisdiction of the action is not, therefore, well taken.

[1] Was the action rightly removed from the state court? The answer to this question depends upon whether or not the plaintiff in her petition states a cause of action arising under the federal Employer's Liability Act as amended. This act creates a right of action against a railroad company engaged in interstate commerce, in favor of an employé employed by it in such commerce, who is injured through.its neglect, or that of any of its officers or agents, and, in case of the death of such employé from such injuries before he is compensated therefor, in favor of his personal representative, "for the benefit of his surviving widow and children, if any, and, if none, then of his parents, and, if none, then of the next of kin dependent upon such employé." No right of recovery is given for the benefit of relatives other than those specified. Such a right of action did not exist prior to this enactment, and the enactment itself supersedes all state laws upon the subject. Mondou v. Railroad Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44.

The right of action given to the dependent relatives by the act is independent of that given to the decedent, and does not include any

202 F.—49

damages that he might have recovered from the carrier, had he lived, but is given to them for the pecuniary loss which they may have sustained because of his untimely death. Prior to the amendment of April 5, 1910, the right of recovery given to the injured employé did not survive his death, but died with him. Michigan Central R. R. Co., v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. ——. By that amendment the right of recovery given to decedent survives his death, but not, however, for the benefit of his estate, but of specified relatives in the order stated, and for the pecuniary loss which they may have sustained because of his death. If no such relative survives the decedent, then no right of recovery is given by the act to his personal representative.

[2] The first count of the petition alleges plainly enough that the defendant, at the time of the injury to and death of the plaintiff's intestate, was engaged in interstate commerce by railroad between the states of Illinois and Iowa, and that Thomas was employed by the defendant in such commerce, and received injuries while so engaged, through defendant's neglect, which resulted in his death. But it is nowhere alleged that deceased left surviving him a widow, child, parent, or next of kin, for whose benefit the right of action given to the decedent survives, nor for whose benefit an original right of action was given for the pecuniary loss either may have sustained because of his untimely death, and for whose benefit alone the plaintiff is entitled to recover in either event. No facts are therefore alleged in this count of the petition from which it can rightly be determined that a right of action accrued to, or exists in favor of, the plaintiff 'as administratrix of the deceased employé under the federal act. True, there is an allegation "that by reason of the foregoing a cause of action has accrued to plaintiff against the defendant under and by virtue of" the Employer's Liability Act. But this is a conclusion only, and does not enlarge the facts previously alleged, and from which the conclusion is drawn. The court takes notice of the acts of Congress, and it is to the facts alleged in the petition that it must look to determine whether or not a cause of action is alleged thereunder; and, if they do not show a cause of action arising under some act of Congress, an averment that they do so arise avails nothing.

It may be that it was intended to allege in this count of the petition a cause of action arising under the federal Employer's Liability Act. If so, essential facts are wholly wanting to show such a cause of action; the averment alone that "the carrier and its employé were engaged in interstate commerce at the time of the injury to and death of the employé" being insufficient to show such a right. If it appeared upon the face of the petition that sufficient facts existed to show a right of action under the federal act, but were inaptly or defectively alleged, such defects could be cured by an amendment, and they might be overlooked. But, when essential facts are wholly wanting, effect must be given to the petition as it is written. Besides, this count of the petition plainly alleges that it was the estate only of the deceased employé that was damaged by the alleged wrongful acts which caused his death, and recovery is asked for the benefit of his estate. The

damage to the estate,. and the measure of recovery therefor, are essentially different from the pecuniary loss or injury to the dependent relatives because of the death of the employé, .and the measure of recovery therefor. Michigan Central R. R. Co. v. Vreeland, above; American R. R. Co. v. Didrickson, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. ——.

[3] The second count of the petition is identical with the first, except that it omits the allegations "that .defendant was engaged in interstate commerce, and that plaintiff's intestate was employed in interstate commerce," at the time of his alleged injury and death; and recovery is sought for such injury and death under the statute of Iowa for the benefit of the estate of the deceased employé. It is permissible under the Iowa practice for the plaintiff to allege different causes of action in separate counts of the petition. Bankson v. Illinois Central R. R. Co. (D. C.) 196 Fed. 171.

The second count of the petition, therefore, alleges a cause of action arising alone under the law of Iowa; and it being alleged in the petition for removal that the plaintiff was at the time of the commencement of the suit a citizen of Iowa, and the defendant then an Illinois corporation operating its railroad in the state of Iowa, and in the Northern judicial district thereof, but was never incorporated under the law of Iowa, the cause was rightly removed to this court.

Whether or not any cause of action is alleged in the first count of the petition against the defendant will not be determined upon this motion; it being sufficient that none is alleged that arises under the federal Liability Act. Whether or not the action would have been removable, if sufficient facts were alleged in that count to show a right of action under the federal act as amended, is a question that does not arise upon this record, and need not be considered. See Bankson v. Illinois Central R. R. Co. (D. C.) 196 Fed. 171.

The conclusion, therefore, is that the motion to remand should be denied; and it is so ordered.