Brough, J.
The demurrer which has been filed by the plaintiff in this cause to the second defense in the answer raises the question whether the personal representative of a deceased employee of .a railroad company, engaged in interstate commerce, may maintain an action for the benefit of the father and mother of the deceased when the employee himself has- — after action brought by him personally- — been fully compensated by a settlement of his claim for the injuries suffered by him.
The decision of this question requires a construction of the federal employers’ liability act as amended by the addition of Section 9 thereto on April 5, 1910. The question has never been decided by the federal courts. It was specially reserved for future decision by the Supreme Court in the case of St. Louis & Iron Mountain Ry. v. Crafts, 237 U. S., 648.
In the case of Thomas v. Chicago & N. W. Ry., 202 Fed., 766, it is assumed in the syllabus of the case, but without further reference thereto, that such an action can not be maintained.
. Section 1 of the employers’ liability act provides that the interstate carrier shall be liable in damages to amy person suffer *574 ing injury while employed by such carrier in such commerce; or, in case of death of such employee, to his or her personal representative for the benefit of the persons named and in the order named in the statute.
Two separate and distinct actions are thus provided for by this section, but the second — the one in favor of the personal representative — is only in the alternative.
Before the addition of Section 9 of the act, in 1910, the first action did not survive the death of the injured employee.
Since the addition of that section the action does survive to the personal representative, and for the benefit of the persons named in the first section, and in the order named; but the new section expressly states that: “ in such cases there shall be only one recovery for the same injury.”
The contention is made that while there was only one accident resulting in physical injury to the employee — two separate and distinct injuries resulted therefrom, one to the employee himself and the other to the dependents of the employee, or to those named in the statute and who might reasonably expect to reap a benefit from his labor had he continued to live. And the contention is made that a settlement or satisfaction of one of these injuries is not a bar to the prosecution of an action to recover the damages suffered by reason of the other.
In view of the language of the act itself — that the interstate carrier is liable either to the injured employee, or, in case of his death, to his representative — this contention is not tenable. In my opinion Congress never intended that both the employee and his personal representative should recover.
This is, I think, emphasized in the later provision of the act 'by the language: "in such cases there shall be only one recovery for the same injury.” Nor does the fact that the section referred to provides that the action in favor of the injured employee shall survive alter the situation.
It was evidently the intention of Congress that all of the damages suffered by reason of the negligent act of the carrier should be compensated for, whether suffered by the employee or by the persons named in the statute, but in one action; but it was cer *575 tainly not the intention that there should b'é a double recovery, for it is very evident that,-when -the action instituted by the employee survives to his personal representative, the damages he may recover by reason of the survival of- the action are limited to the mental pain and suffering of the employee caused by the injury and suffered by him up to the time of his death.
All other damages that may be recovered are such as have been suffered by those for whose benefit the action is brought, and are limited to the pecuniary loss suffered by them by reason of the death of the employee.
Where the former action does not survive, however, by reason of the fact that the employee has prosecuted it to a final determination or settlement, and the employee has- been fully compensated before his death, no cause of action exists in favor of the personal representative; for the carrier, having been “liable in damages” either “to the person suffering injury # # # or # # # to hjg or ker personal representative for the benefit” of the persons named in the statute, and having compensated the person suffering the injury, certainly can not again be held “liable in damages” to persons who are only named in the statute in the alternative.
The case at bar furnishes a fair example of what would otherwise occur under the circumstances. The employee was fully compensated for what he claimed in his petition were injurie^ resulting in his total disability and which wholly and permanently incapacitated him from performing manual labor.
To permit him to recover compensation on account of total disability of a permanent nature, and after he has done so then permit the personal representative to recover on behalf of those named in the statute “such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee” (American R. Co. v. Didrickson, 227 U. S., 145) would violate one of, the fundamental principles of the law of damages; and to so construe an act of Congress as to obtain this result would equally violate one of the fundamental principles of statutory construction.
*576 That the estate of the injured employee, augmented by the compensation received by him for his, injuries, would, if the employee should die intestate, under the statute, go to the brothers and sisters, and not to the father and mother for whose benefit the action is brought, is not material.
If the employee has been fully compensated, the liability of the carrier has terminated, and the employee having been placed —from a pecuniary standpoint — in the same position he would have been in had he never been injured, the persons who might reasonably expect any pecuniary benefits from the results of his future labor must, under the circumstances, necessarily look to him for their protection.
For these reasons the demurrer is overruled, and exception of plaintiff noted.