GULF, M. & N. R. Co. v. SIMMONS.*

(Division B.   Oct. 25, 1926.)

[109 So. 857.   No. 25656.]

1. DEATH.

   Recovery cannot be had under common law for death of one having no beneficiaries with reasonable expectation of receiving pecuniary benefits from him in future.

2. DEATH.

   Under federal Employers' Liability Act (U. S. Comp. St., sections 8657, 8665), beneficiaries of railroad employee killed in interstate commerce cannot recover for death, in absence of showing of reasonable expectation of pecuniary aid from deceased in future.

3. STATES.
   Where Congress has by legislation occupied particular field per-
       mitted under United States Constitution, all state laws on subject
       are displaced.

---

*Corpus Juris-Cyc. References: Commerce, 12CJ, p. 17, n. 93. Death,
17CJ, p. 1181, n. 3; p. 1208, n. 81. Necessity of existence of and de-
pendence of beneficiaries to sustain action for death under federal Em-
ployers' Liability Act, see 47 L. R. A. (N, S.) 65; L. R. A. 1915C, 72; 18
R. C. L. 838; 3 R. C. L. Supp. 857; 4 R. C. L. Supp. 1213; 6 R. C. L.
Supp. 1090.

APPEAL from circuit court of Jones county, Second dis-
trict.
    HON. R. S. HALL, Judge.
    Action by A. L. Simmons, administrator of the es-
tate of T. L. McDaniel, against the Gulf, Mobile & North-
ern Railroad Company. Judgment for plaintiff, and
defendant appeals. Reversed and judgment rendered.

*Welch & Cooper,* for appellant.

The peremptory instruction should have been granted
because there is no proof that the children and grand-
children of deceased were damaged. The court will
bear in mind that the record shows without dispute that
appellant and McDaniel were at the time of the injury
and death engaged in interstate commerce and that ap-
pellant is a common carrier by railroad of passengers
and freight; that deceased was an employee. The Fed-
eral Employers' Liability Act controls.
    The whole case on the reasonable expectancy of pe-
cuniary benefits accruing to the children and grandchil-
dren shows that up to the time Mrs. Knobel, his daughter,
was eighteen and Willie, his son, fifteen, deceased *at
times* would come up and give them money but no stipu-
lated amount. In the case of Willie, nineteen years
had elapsed. He had married and established a home of
his own. He does not attempt to say that during those
nineteen years a cent had been given to him.

In the case of Mrs. Knobel, his daughter, Mildred, six years had elapsed. She had in the meantime married. Not one word of any advance or contribution is shown to have been made by deceased to her after she reached the age of eighteen. As to the grandchildren, there is no mention of any character of any contribution at any time. In fact one had been adopted by another family.

Yet the jury awarded Willie the sum of three thousand eight hundred and thirty-three dollars and thirty-three cents. It awarded Mrs. Knobel a like sum and gave to the boy and girl grandchildren one thousand nine hundred and seventeen dollars and one thousand nine hundred and sixteen dollars respectively.

The supreme court of the United States in *R. R. Co.* v. *Vreeland,* 227 U. S. 59, L. Ed. 417, said: "There must, however, appear some *reasonable expectation* of pecuniary assistance or support of which they have been deprived." See, also, *Railroad Co.* v. *Didricksen,* 227 U. S. 145, 57 L. Ed. 456; *Gulf R. R. Co.* v. *McGinnis,* 228 U. S. 173, 57 L. Ed. 785.

The Interstate Commerce Act and the decisions of the supreme court of the United States have been interpreted by various state courts and we give here the result of our investigations. See, *Fagorty* v. *Railway Co.,* 85 Wash. 90, 147 Pac. 652; *Hines* v. *Walker* (Texas), 225 S. W. 837; *Davis* v. *Wright,* 218 S. W. 26; *C. & O. R. R. Co.* v. *Dwyer,* 157 Ky. 590, 163 S. W. 752; *Bennet* v. *Atchison R. R. Co.* (Iowa), 183 N. W. 224; *Nashville Ry. Co.* v. *Anderson,* 134 Tenn. 666, 185 S. W. 677.

These authorities establish beyond question that dependency or reasonable grounds to expect pecuniary benefits must be shown and, too, the value of such contributions or support. Neither of these is shown in the case at bar; yet the jury returns a verdict for approximately the full amount of the earnings of deceased during his expectancy.

We submit that on each of the grounds stated the verdict should have been directed for appellant.

*G. W. Hosey* and *Jeff Collins,* for appellee.

Appellant argues that a peremptory instruction should have been given for the reason that there was no proof that the children and grandchildren of the deceased were demaged by the death of the deceased. There is no authority cited by counsel in his brief where either a state court or the United States supreme court has held that the children of a decedent could not recover the reasonable net earnings of the deceased during his life expectancy.

All the authorities cited by counsel use the words "reasonable expectations of pecuniary benefits," and the supreme court of the United States in the case of *Michigan Cent. R. R. Co.* v. *Vreeland,* 227 U. S. 59, 33 Sup. Ct. Rep. 192, gives the meaning of the word "pecuniary." See also *New Deemer Mfg. Co.* v. *Alexander* (Miss.), 85 So. 104, construing section 501, Hemingway's Code. A case directly in point is *John Howard, Administrator,* v. *Delaware & Hudson Canal Co.,* 40 Fed. 195, 6 L. R. A. 75. See, also, *I. C. R. R. Co.* v. *Barron,* 72 U. S. 5, Wall. 96, 18 L. Ed. 591.

These three cases have decided this proposition according to our contention, and we have not been able to find any decision to the contrary.

*Welch & Cooper,* for appellant, in response to court's question.

Where there is no proof of dependency or contributions by a decedent killed in interstate commerce, are the beneficiaries under the federal Employers' Liability Act entitled to receive as damages the amount which the proof shows the decedent would probably have accumulated during his expectancy and which the beneficiaries would probably receive as heirs of his estate?

We submit that under this act there can be no such recovery. *Mich, Cent. R. R. Co.* v. *Vreeland,* 227 U. S.

59, 33 Sup. Ct. 192, 57 L. Ed. 417, shows clearly that the damages recoverable are those "pecuniary benefits" which the children in this would *have received* in the *lifetime* of the deceased. See, also, *American R. Co.* v. *Didricksen,* 227 U. S. 145, 57 L. Ed. 456, 33 Sup. Ct. 224; *Gulf C. & St. F. R. Co.* v. *McGinnis,* 228 U. S. 173, 57 L. Ed. 785, 33 Sup. Ct. 426.

The supreme court of Georgia has specifically answered the court's question in *Southern R. Co.* v. *Hill,* 139 Ga. 549, 77 S. E. 803. There can be no recovery by an adult child unless there is proof of contributions. The cases cited confirm this.

*G. W. Hosey* and *Jeff Collins,* for appellee, in response to court's question.

Under the Federal Employers' Liability Act are the beneficiaries confined to a recovery of contributions which they had a reasonable right to expect from the deceased during his lifetime? So far as the supreme court of the United States is concerned this question has not been presented to it for decision. We will, therefore, have to look to common sense, high justice and the decisions of other courts for the light to decide this question. See 17 C. J., p. 1318 and p. 1320, note 30; *Jennings* v. *Grand Trunk R. R. Co.,* 15 Ont. A. 477; *Oldfidd* v. *N. Y. R. R. Co. et al.,* 14 N. Y. 310-318; *Louisville R. R. Co. et al.* v. *Trammel,* 93 Ala. 350-354, 9 So. 870; 17 C. J. 1326 and note 4, sec. D, p. 1328; *Bagley* v. *St. Louis,* 268 Mo. 259, 186 S. W. 966; *Missouri R. R. Co.* v. *McLaughlin,* 73 Kan. 248, 84 Pac. 989.

So it seems that the weight of authorities of the state courts of last resort hold that the beneficiaries are not confined to a recovery of contributions which they had a right to reasonably expect from the deceased during his lifetime, but that they are entitled to recover as benefits to them the estate which the decedent might have accumulated during his life expectancy.

Argued orally by *Ellis B. Cooper,* for appellant, and *Jeff Collins,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellee, A. L. Simmons, as administrator of the estate of T. L. McDaniel deceased, brought this action in the circuit court of the second district of Jones county, against appellant, Gulf, Mobile & Northern Railroad Company, to recover damages for the alleged wrongful death of said deceased at the hands of appellant. The appellee recovered a judgment in the sum of eleven thousand five hundred dollars from which judgment appellant prosecutes this appeal.

A very brief statement of the case will be sufficient to bring out the questions upon which it turns. At the time of the death of the deceased, he was engaged in the service of appellant as "ledgerwood engineer." Appellant was engaged in interstate commerce, and deceased was likewise engaged; therefore the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) is controlling. There was no eyewitness to the injury and death of the deceased. His body was run over by the wheels of appellant's train, on which he was employed. His body was cut to pieces. Therefore no appreciable time elapsed between his injury and death, during which he could have suffered physically and mentally. The evidence as to whether the deceased came to his death through the negligence of appellant rested entirely upon circumstantial evidence.

Appellant contends that the evidence was insufficient to go to the jury on the question of liability. We can see no good purpose in setting out the evidence bearing on this question. We think it fairly tended to show that the deceased came to his death through the negligent handling by appellant's employees of the train, from which the deceased was thrown, and which ran over him.

Appellant contends, further, that, conceding that deceased was killed through the wrongful act of appellant, there could be no recovery, because the beneficiaries for whom recovery was had, namely, the deceased's two children and two grandchildren, were shown to have no pecuniary interest in the life of their father and grandfather. The deceased left surviving him a married son, W. D. Mc Daniel, about thirty-four years of age, and a married daughter, Mrs. Gus Knobel, about twenty-two years of age, living with her husband in another state, and two unmarried infant grandchildren, a girl and a boy. The evidence shows, without conflict, that the deceased had made no contributions to the maintenance, support, and care of his grandchildren, nor to his two children since they were minors. In fact, the evidence shows, without conflict, that neither deceased's children nor his grandchildren had any reasonable expectation of receiving any pecuniary benefits whatever from him in the future.

They were in no wise dependent on him for support. The evidence was very indefinite as to the amount of pecuniary aid the deceased extended to his two children before they reached their maturity; and, as stated, there was no evidence to show any pecuniary benefits were received by them from their father after reaching their majority.

Undoubtedly, under the facts of this case at common law, there could be no recovery by any one for the death of the deceased. If a recovery may be had on behalf of any person, it must be by virtue of the federal Employers' Liability Act (U. S. Compiled Statutes 1918, sections 8657 to 8665, inclusive). Whether a recovery may be had under the facts of this case depends on the proper construction of the first and last sections of that act, sections 8657 and 8665, as they appear in the United States Compiled Statutes of 1918. Those sections are in this language:

"Every common carrier by railroad while engaging in commerce between any of the several states or terri-

tories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.''

''Any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.''

Appellee contends that the measure of damages is not confined to the anticipated pecuniary benefits which the persons on whose behalf suit was brought had a right to expect from the deceased during a continuation of his life; that in the absence of evidence of such pecuniary benefits the children and grandchildren of the deceased were entitled to recover the net estate he might have left at his death based upon his earning capacity and life expectancy; in other words, that they had the right to recover the net estate which deceased might have built up during his life expectancy, and which they would have inherited at his death had they been living at that time. As we understand the decisions of the supreme court of the United States bearing on this question, that court has

settled the question contrary to the appellee's contention in *Michigan Central Railroad Co.* v. *Vreeland,* 227 U. S. 59, 33 S. Ct. 192, 57 L. Ed. 417; *American Railroad* v. *Didricksen,* 227 U. S. 145, 33 S. Ct. 224, 57 L. Ed. 456; *Gulf Coast & St. F. R. R. Co.* v. *McGinnis,* 228 U. S. 173, 33 S. Ct. 426, 57 L. Ed. 785.

In the Vreeland case, the supreme court said that:

*"The damages are such as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries."* (Italics ours.)

The McGinnis case was an action for the benefit of a widow and four children; one of the children was a married daughter, living with her husband. The jury awarded one-half of the recovery to the widow and the other half to be divided equally among the four children, including the married daughter, who was receiving no pecuniary benefits from her father. Contention was made that the married daughter was entitled to recover, as well as the others. The court held that, although the judgment was for a gross amount, the interest of each beneficiary was measured by his or her loss; that this apportionment was for the jury to return in their verdict. The court said, among other things:

*"This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."*

The married daughter was denied any right in the recovery. If appellee's position be sound, the supreme court could not have so decided, because the married daughter, although not shown to have any reasonable ground to expect pecuniary benefits from her father during his lifetime, nevertheless would have been entitled to recover her share in the net estate he might have left at his death based on his earning capacity and life expectancy. In *Thomas* v. *C. & N. W. Railway Company* (D. C.), 202 F. 766, the court interpreted the Vreeland and Didricksen cases exactly as we have. The court said:

"The damage to the estate, and the measure of recovery therefor, are essentially different from the pecuniary loss or injury to the dependent relatives because of the death of the employee. . . ."

The supreme court of Georgia, in *Southern Railroad Co.* v. *Hill*, 139 Ga. 549, 77 S. E. 803, construed the statute in the same way. The supreme court of the United States, it seems, necessarily decided this question in *C., C. & O. Railroad Company* v. *Shewalter*, a decision by the supreme court of Tennessee (128 Tenn. 363, 161 S. W. 1136, L. R. A. 1916C, 964, Ann. Cas. 1915C, 605), in which the supreme court of the United States affirmed the judgment of the Tennessee court in a *per curiam* opinion (239 U. S. 630, 36 S. Ct. 166, 60 L. Ed. 476). The supreme court of Tennessee held in that case that there could be no recovery by the father of an adult son, instantly killed while employed by a railroad in interstate commerce, and where it was not shown that the father had a reasonable expectation of pecuniary assistance or support from his son. In affirming the judgment, the supreme court of the United States did so upon the authority of the Vreeland, Didricksen, and McGinnis cases, referred to above, and other decisions of that court. Appellee refers to cases sustaining the contrary view, decided before the Vreeland, Didricksen, and McGinnis cases, but none since.

It becomes unnecessary to decide whether grandchildren, under any state of facts whatever, may recover when children are left surviving. It will be noted that in the first section of the act the recovery is "for the benefit of the surviving widow or husband and children; . . . and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee." And in the last section it is provided that the cause of action shall survive to the personal representative of the deceased, "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if

none, then of the next of kin dependent upon such employee.'' In the proper case, it might be a serious question whether, if the preferred beneficiaries under the statute failed to show a reasonable expectation of pecuniary benefits from the deceased during his lifetime, the beneficiaries next named in the statute would be entitled to recover, provided they showed a reasonable expectation of such benefits. It is not necessary to decide the question in this case, because neither the children, whom the statute prefers, along with the parents of the deceased, over the grandchildren, nor the latter, have made a case of reasonable ground to expect pecuniary benefits from the deceased during his lifetime.

It seems novel in these times that there may be a wrongful death, and no right of recovery in any one, but it seems so under the federal Employers' Liability Act in a case of the character of this one. It would be otherwise, of course, under the laws of this state; but the supreme court of the United States has decided time and again that where Congress had occupied by legislation a particular field, which it was permitted to do under the Constitution of the United States, all state laws on the subject were displaced.

Reversed, and judgment here for the appellant.

*Reversed.*