BARTON, Respondent, vs. THE PEPIN COUNTY AGRICULTURAL SOCIETY, Appellant.

*September 1 — September 27, 1892.*

*Negligence: Proximate cause of accident.*

A fair association permitted teams to be driven around the race track after the races were over. The driver of a team of young horses whipped them into running away, and they ran off the track and injured a visitor at the fair. *Held*, that the injury was not the direct or natural consequence of the permission to use the track, but was caused proximately by the acts of the driver, and that the association is not liable therefor.

APPEAL from the Circuit Court for *Pepin* County.

The case is stated in the opinion.

For the appellant there was a brief by *S. G. Gilman, John Fraser,* and *W. E. Plummer,* and oral argument by *S. G. Gilman.* They contended, *inter alia,* that the appellant was not liable, for the reason that the injury was immediately caused by the independent, wilful, and tortious act of a third person, intervening between the alleged negligence of appellant and the damage, which could not reasonably have been anticipated. *Crain v. Petrie,* 6 Hill, 522; Mayne, Damages, 40; *Vicars v. Wilcoks,* 8 East, 1; *Lowery v. W. U. Tel. Co.* 60 N. Y. 202; Cooley, Torts, 68; *New Orleans, J. & G. N. R. Co. v. Statham,* 97 Am. Dec. 478; *Selinas v. Vt. State Ag. Soc.* 60 Vt. 249.

Barton vs. The Pepin County Agricultural Society.

*J. R. Mathews* and *C. M. Hilliard*, for the respondent, contended, among other things, that the wrongful act of Todd was one of a succession of events, and, though it followed the appellant's negligence in point of time, it was not a separate independent act of a third person intervening between the alleged negligence of appellant and the injury, which could not have been anticipated. *Oliver v. La Valle,* 36 Wis. 592; *Jucker v. C. & N. W. R. Co.* 52 id. 152–3; *Kellogg v. C. & N. W. R. Co.* 26 id. 223.

ORTON, J. Not very many of the facts in evidence in this case are necessary to be stated in order to make the rulings of the court, and the questions of law involved, intelligible.

One day of the fair and races of the *Pepin County Agricultural Society* was the 12th day of September, 1890, on their fair grounds in the city of Durand. The plaintiff, about thirty-one years of age, lived with her mother in said city, and on that day, in the afternoon, they came together into the fair grounds, and during the races they spent the time, until the fair closed, in and about the main building. About half an hour after the fair and races were closed for the day — about 5 o'clock P. M.— they, together with another lady, started to go towards the gate on their way homeward, and in doing so started to go over the race track, and took a few steps within the track, when the mother gave the alarm· that a team was coming down the track, and led the way of the others off the track and up close to the fence which incloses the track, when a two-horse team, hitched to a two-seated buggy, in which one William Todd, a young man about twenty-one years of age, was riding and driving, and two young ladies and another young man were riding, came down the track in a very fast run, and when nearly opposite to the plaintiff, standing close to the fence, turned off the track and di-

rectly towards and against her, causing the personal injury complained of.

Todd had a team of four year old colts, and after the races had closed, and more than half of the people had left the grounds, he trotted his team twice around the track, and was on his way around a third time when his team broke into a run. He was foolish enough to whip the team, and he then lost all control over them, and they ran away. There was another team and wagon on or near the track, which caused the runaway team to turn out of the track and toward the plaintiff at the fence. The officers of the society gave the alarm, and ordered every one to clear the track, for there was a runaway team coming. But the plaintiff testified that she neither saw the team coming nor heard the alarm.

There were two or three hundred people crowded together near the place of the accident, pushing their way towards the main gate to leave the grounds, and a great many were crossing over the race track back and forth, and there were several other teams going around the track at the time. The society had police officers employed during the races to keep the track clear, but they had left the grounds. It had been customary for the people to drive their teams around the track when they pleased, after the races had closed, either for pleasure or to try the speed of their horses. The track was five or six steps from the fence where the plaintiff and her mother stood.

*First.* It appears very conclusively that the proximate, if not the only, cause of the injury, was the whipping of these young horses, causing them to run away, by Todd, the driver. If he had not whipped them, and had not thereby lost all control over them, it is not at all probable that they would have left the track; and it is to be presumed that he would have so driven them as to have caused no injury to any one.

Barton vs. The Pepin County Agricultural Society.

*Second.* This was the only cause of the injury. The custom, or by the tacit permission of the officers of the society, for teams to be driven around the race track after the races were closed had nothing to do with this injury, for they did not cause injury to any one. Nor did they cause the injury by not preventing Todd from driving his team around the race track, because the injury was not the natural or direct consequence of his merely driving around the track and keeping within it; and there was no reason to anticipate or expect any such result from it. The driving around the track and keeping within it by Todd neither caused the injury nor would or could have caused it. The runaway team left the track, and thereby caused the injury. Their running away was caused by Todd, and not by the officers of the society or by their negligence.

The officers of the society might as reasonably be charged with liability for this injury because they did not prevent Todd coming to the fair on that day, as that they did not prevent the people from driving around the race track after the races were closed, or that they did not prevent Todd's team running away, or for any other remote, pretended acts of negligence that caused no injury to the plaintiff or any one else, or that could have reasonably been expected to cause any. These comments on the evidence appear to be reasonable, as preliminary to the questions of law. There is a singular, and perhaps questionable, matter of evidence in the case, which illustrates the principle and condition of liability in such a case. A. W. Miller was a surveyor and civil engineer, and saw as much as any one what occurred on the fair grounds at the time. As a witness he was asked by the defendant's counsel: "Did you see anything that would put you on guard, or lead you to believe that this accident was going to happen?" This question was objected to by the plaintiff's counsel, and the objection overruled. The witness answered: "Why, no;

I had no reason to believe that such an accident would happen." As a question of fact it may be accepted as proved that no one had any reason to expect or anticipate from anything that occurred on the grounds, before the accident, that it would happen. This did not embrace the whipping of the horses by Todd into running away and becoming unmanageable.

It may also be accepted as the law of this case that nothing occurred up to that time to which the injury could be attributed as the cause of it. *First.* This is the true test of the defendant's liability: "Only such damages as are the natural and ordinary consequence of the act can be recovered, unless the actual consequences might have been anticipated by the defendant." *Stewart v. Ripon*, 38 Wis. 584. This is the settled law of all courts. *Second.* The act or negligence complained of must be the direct and proximate cause of the injury. This principle is equally well settled. *Oleson v. Brown*, 41 Wis. 413; *Holmes v. Fond du Lac*, 42 Wis. 282; *Oliver v. La Valle*, 36 Wis. 592; *Pakalinsky v. N. Y. C. & H. R. R. Co.* 82 N Y. 424. The injury, as a consequence of the act, must be both *natural* and *probable*. *McGrew v. Stone*, 53 Pa. St. 436.

According to the evidence, there was nothing in the manner of the driving of the Todd team, up to the time he whipped them into running away, from which any one could reasonably anticipate or expect such an accident. While the team was under the control of the driver it is probable that they would have kept within the track, and would not have been allowed to run against the plaintiff close to the fence, several steps out of the track. No one could have reasonably anticipated that Todd would have done such an unreasonable and dangerous thing as to whip his young horses into running away at the time and under the circumstances. After Todd lost control of his team, then no

one could have possibly prevented the accident; and no one except Todd was responsible for it.

A very large portion of the judge's charge to the jury is devoted to these previous and remote conditions, which had no possible bearing upon or relation to the injury which finally happened as a consequence from an adequate and unexpected cause directly connected with it. The jury were left to explore the open field of speculation to find causes of the accident, which had no relation whatever to it as a consequence, and to make almost everything which the police officers and officers of the society did or omitted to do about the grounds that afternoon adequate causes of the accident. The court told the jury that "it was certainly their duty to use all reasonable efforts to protect them [the people], and look out and see that such an injury did not happen." This made the officers of the society absolutely responsible for the accident, for it seems that they did not "look out and *see* that it did not happen." The court said further: "It was their duty not only to watch their own officers, but to watch others who were permitted to be in the grounds, and *permit them* to do no negligent and improper acts creating danger to the lives or limbs of those present." Speaking of the plaintiff and her mother and the other lady, the court said: "If they were known to be there by the association, it was their duty to use reasonable precaution to *protect* them, and *prevent* accident to them." The court frequently speaks of people driving around the track, and the society permitting it, as negligence, and that it was their duty to have stopped the Todd team before it ran away. But it is needless to quote further passages of the charge. It is mostly the same as above. It makes almost everything negligence and the cause of the injury, or at least it leaves the jury to find it so. The charge generally, on the question of the defend-

ant's culpable negligence, is contrary to the above principles
of law.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded for a new trial.