KILL, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 26—April 13, 1915.*

*Workmen's compensation: Proximate cause of injury: Intervening cause.*

Nine days after an employee had cut his wrist the wound was practically healed and the physician discharged him as cured. On the following day, against the physician's advice, he engaged in a boxing match. Two or three days later his wrist was found to be infected, and he finally lost the use of his hand. Upon his applying for compensation the industrial commission found, on sufficient evidence, that if he had not entered the boxing match and had given his wrist only moderate exercise for a few days more no serious results would have followed. *Held*, that his application was properly dismissed, the boxing match and not the original cut being the proximate cause of the injury complained of, within the meaning of the Workmen's Compensation Act.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment confirming an order of the *Industrial Commission* dismissing the application of the appellant for compensation from the respondent *Plankinton*

*Packing Company.* The appellant was employed as a tin-smith by the *Packing Company* in its plant. On April 16, 1913, he accidentally cut his left wrist. The respondent *Packing Company* sent him to a physician who treated him. On April 25, 1913, the wound was practically healed and the physician discharged him as cured. Saturday evening, April 26th, the appellant engaged in a boxing match and on the following Monday night suffered pain in his wrist. On the following day his wrist was found to be infected, and finally he lost bones of the hand and wrist, incapacitating him from following his trade.

The *Commission* found as follows:

"From the evidence before us we are fairly satisfied that the wrist became infected at the time of the injury on April 16th through the introduction of poisonous bacteria known as streptococci. Through nature's process these germs were walled off and did no damage at first. This was because the patient was strong enough to resist the attack of the bacteria. Had he not entered the boxing bout, we are satisfied that in the course of time the bacteria would have been expelled from the system without harmful results. But the strenuous exercise of the boxing bout had the effect of 'lighting up' or stirring into activity the poisonous germs and at the same time lessening the resisting power of the applicant, resulting in the active poisoning of the arm.

"Before entering the bout, on the 25th of April, at the time of his discharge by the doctor, the applicant was advised not to enter the bout. The doctor told him it might do harm and it might not; it would be impossible to say, but advised him not to enter it and explained to him the danger of a possible tearing or bruising. Before entering the bout the applicant bandaged his wrist and provided against tearing or bruising, and no tearing or bruising resulted from the bout. We cannot say from the evidence that applicant wilfully disregarded the advice of his physician, because we cannot find that the physician gave him positive instructions not to enter the bout, but merely advised him that there was danger of harm from tearing or bruising. He certainly did not point out to the applicant the danger of the results that actually did follow

from the exercise. Applicant was not warned of the danger of blood poisoning from the 'lighting up' of the present infection. Evidently he did not know that his arm was infected or that such infection might become dangerous from strenu- ous exercise. For this reason we cannot say that the appli- cant wilfully disregarded the advice of the physician.

"Had the applicant not been injured on the 16th of April while in the employ of the respondent, the loss of the use of his hand would not have followed the boxing bout. Notwith- standing such accident, had applicant refrained from entering the boxing bout and given his wrist only moderate exercise for a few days more, no serious results would have followed."

Upon the foregoing findings the *Commission* dismissed the application. The appellant assigns the following errors:

1. That the finding that "Had he not entered the boxing bout, we are satisfied that in the course of time the bacteria would have been expelled from the system without harmful results" is not supported by the evidence.

2. That the finding that "Notwithstanding such accident, had applicant refrained from entering the boxing bout and given his wrist only moderate exercise for a few days more, no serious results would have followed," is not supported by the evidence.

3. That the findings of fact do not support the order made by the *Commission.*

For the appellant there was a brief by *Henry V. Kane* and *J. W. Flynn,* and oral argument by *Mr. Kane.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* as- sistant attorney general; and the cause was argued orally by *Mr. I. A. Fish* and *Mr. Gilman.*

KERWIN, J. The contention of the appellant is that his present disabled condition is the proximate result, within the meaning of sec. 2394—3, Stats., of the injury received by him while in the course of his employment by the defendant *Plankinton Packing Company,* respondent; while on the other

hand it is insisted that plaintiff recovered from the injuries sustained while in its employ, and that the infection which developed subsequent to the boxing bout came as a proximate result of that bout.

The claim of appellant is that the *Commission* acted, in making the order of dismissal, in excess of its powers, and that its findings of fact do not support the order. It is said that the findings of the *Commission* are susceptible of only one legal inference, namely, that the accident of April 16, 1915, suffered by plaintiff, proximately caused his disability within the meaning of the Compensation Act, and that the order of dismissal is based upon an erroneous conclusion drawn from the facts found.

Counsel for appellant seem to rely upon *Milwaukee v. Industrial Comm., ante,* p. 238, 151 N. W. 247, as giving support to their contention. True, in that case this court held that the right of recovery under the Workmen's Compensation Act is not dependent upon a question of negligence or upon the concomitant conception of negligence at common law, and that the element of anticipation characteristic in common-law negligence cases does not obtain under the Workmen's Compensation Act, so that the element of reasonable anticipation is eliminated from proximate cause under the act, and the proximate cause mentioned in the Workmen's Compensation Act means caused in a physical sense by a chain of causation which as to time, place, and effect is so closely related to the accident that the injury can be said to be caused thereby. The case is not out of harmony with the ruling of the *Commission* and the court below in the instant case.

The contention of the learned counsel for appellant is that since the original injury left some trace of its effect, which but for the violent exercise of the bout would have been cured, still the proximate cause must be regarded the original injury. It seems clear from the findings supported by evidence

that the injury to the appellant while in the employ of the *Packing Company* was not the proximate cause of the present disability.    That injury had been healed and cured, sufficiently at least that had it not been for the bout voluntarily entered into with knowledge of the danger the injuries complained of would not have occurred.    The *Commission,* therefore, was justified in finding that the bout proximately caused the injury complained of.    *Sutton v. Wauwatosa,* 29 Wis. 21; *Jucker v. C. & N. W. R. Co.* 52 Wis. 150, 8 N. W. 862. The injury must be proximately caused by the accident and not self-inflicted.    Sec. 2394—3, Stats.

In the instant case the bout, which was subsequent to the original injury, intervened and was the efficient cause and had its origin independent of the original cause and superseded it and thereby became the proximate cause of the injury.    *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 911; *Barton v. Pepin Co. A. Soc.* 83 Wis. 19, 52 N. W. 1129.

As appears from the statement of facts, the *Commission* found that had the applicant refrained from entering the boxing bout and given his wrist only moderate exercise for a few days more, no serious result would have followed.    This finding is supported by the evidence and establishes the fact that the boxing bout proximately caused the injury complained of within the meaning of the Workmen's Compensation Act, therefore the decision below is right and must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.