CHARLES A. BAGLEY'S (dependent's) CASE.

Suffolk. May 24, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

Upon a claim under the workmen's compensation act by a dependent of an employee, it appeared that the employee was a night watchman in a building and one of his duties was to sweep the floors every night and to deposit the sweepings in an old and dark coal bin near a boiler room; that after depositing refuse he fell, suffering abrasions from which erysipelas developed, causing his death five days later; that he stated to a physician who was called that he "fell or tripped over — or something — at the shop . . . striking on his face on the floor of the room." The physician testified that there were marked abrasions on his face and that blebs had formed; that the decedent got the infection when he fell on the dirty floor; and that it was typical of what would cause erysipelas. *Held,* that

(1) A finding was warranted that the injury was received in the course of the employment;

(2) A finding was warranted that the injury arose out of the employment;

(3) A finding was warranted that there was an unbroken causal relation between the injury and the death;

(4) It was immaterial that the proximate cause of the death could not have been foreseen.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board confirming and adopting findings and rulings by a single member and deciding that Harry G. Bagley as a dependent of Charles A. Bagley was entitled to compensation for death resulting from personal injuries received by Charles A. Bagley while in the employ of Marine Hardware Company.

In the Superior Court, the case was heard by *Morton*, J. Material facts appearing in the record are stated in the opinion. A decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. F. Casey*, for the insurer.

*D. C. Manning*, for the claimant.

BRALEY, J. The board member, whose conclusions were adopted by the Industrial Accident Board on review, was warranted in finding on the evidence, that the dependent's father, Charles A. Bagley, eighty years of age, was employed as a night watchman by the Marine Hardware Company, and that he had not been absent from his work for at least a year prior to April 27, 1925, the date of his injury. It was his duty among other services to sweep the floors every night and deposit the sweepings in an old coal bin near the boiler room which was no longer in use for the storage of coal because an oil burning apparatus had been installed. The boiler room was dimly lighted and the bin was dark. The sweeping having been completed and the refuse deposited, the decedent fell on the floor suffering abrasions from which erysipelas developed causing his death May 2, 1925.

The injury was received in the course of his employment. The insurer, however, contends that it did not arise out of it. But it is found that "The only medical evidence was presented by the claimant, and the doctor testified that he examined decedent's face and noticed that there were marked abrasions and that blebs had formed on his face. The deceased gave the doctor a history, saying 'he fell or tripped over — or something — at the shop; he fell, striking on his face on the floor of the room.' The doctor further testified that the decedent got the infection when he fell on the dirty floor and that that was a typical case of what would cause erysipelas. There was no direct evidence as to what caused the deceased to fall except his own statement before he died, — that he tripped and fell."

The fall occurred where the decedent was standing in the performance of his work, and the proximate cause of death

was found to be erysipelas contracted during his employment. *Mallory's Case*, 231 Mass. 225. The causal connection between the attendant conditions and the decedent's death also could be found to be unbroken. *Von Ette's Case*, 223 Mass. 56. *Sundine's Case*, 218 Mass. 1. *Nellie Sullivan's Case*, 241 Mass. 9. *Dow's Case*, 231 Mass. 348. And it is immaterial that the proximate cause of a death could not have been foreseen. *Sponatski's Case*, 220 Mass. 526. *Ogden* v. *Aspinwall*, 220 Mass. 100.

The question, whether the fall was entirely due to natural weakness because of age, as the insurer asserts, was on the record one of fact; and the general finding in favor of the dependent must stand. *Hallett's Case*, 230 Mass. 326, *Cinmino's Case*, 251 Mass. 158.

*Decree affirmed.*