WESTERN LIME & CEMENT COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 9, 1927—January 10, 1928.*

*Workmen's compensation: Subsequent injury due to original one: Causation: Fall occasioned by weakened condition of leg: Evidence.*

1. In order to sustain an award under the workmen's compensation act for a subsequent injury on the ground of a prior injury suffered by an employee in the course of his employment, the subsequent injury must be traced to and have some causal connection with the first injury occurring while in the immediate service of the employer. p. 608.

2. A finding of the industrial commission that an injury to an

employee resulting from a fall was traceable to and caused by a previous injury in the course of his employment, due to jumping, which caused a slight separation of a joint of the right leg, affecting the thigh muscles and rendering a fall more likely, and that the employee was therefore entitled to compensation under sub. (2) and (3), sec. 102.03, Stats., is *held* to be sustained by the evidence. p. 609.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Affirmed.*

Action to review findings of the *Industrial Commission.*

January 15, 1926, defendant *Boll,* then in the employ and immediate service of the plaintiff *Western Lime & Cement Company,* jumped from a railroad car at which he was working, thereby causing a slight separation of the right sacroiliac joint, but with no fracture. He continued work for some time thereafter, but then, on account of increasing pain, received medical attention on January 27th. From that time he was confined to his home or moved about on crutches until February 26th. February 28th he was told by the physician that he might return to work. On March 10th, after a heavy snow storm of several days and while on his way to the shed to get out his cutter, he fell, sustaining a fracture of the neck of the femur and the lesser trochanter. He testified that it was the right leg, the one previously injured, that gave out and caused the fall; that he had new rubbers on and did not slip. The medical testimony was to the effect that the first injury affected the muscles which flexed the thigh, making him more apt to fall.

The *Industrial Commission* made an award on account of the second injury as growing out of and being connected with the first. The circuit court on review affirmed the award; and plaintiffs appeal.

*James T. Drought* of Milwaukee, for the appellants.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ESCHWEILER, J.   The appellants contend that there was a failure on the part of the claimant to present sufficient evidence before the *Commission* upon which it could be properly said that the injury of March 10th was proximately caused by the injury of January 15th (sec. 102.03 (3), Stats.) ; and that therefore such was not while said *Boll* was performing service growing out of and incidental to his employment.   Sec. 102.03 (2).

Appellants rely upon the unquestioned rule applicable in such class of cases that there must be a showing made by the claimant, in order to sustain an award for such a subsequent injury, that it can be traced back to, and have some causal connection with, the first injury occurring while in the immediate service of the employer.

They contend in this regard that the instant case is within the rule recognized in *Voelz v. Industrial Comm.* 161 Wis. 240, 245, 152 N. W. 830, where this court reversed, on the above stated doctrine, the award of the *Commission* for the loss of an eye caused by infection, the source of which was, in that case, a matter of pure speculation; and *Kill v. Industrial Comm.* 160 Wis. 549, 152 N. W. 148, where was affirmed here a finding of the *Commission* that an injury to a wrist, caused by participating in a boxing bout nine days after a prior cut on the wrist had healed, interrupted the necessary chain of causation.   Page 553.   They also cite *Pacific Coast Cas. Co. v. Pillsbury,* 171 Cal. 319, 153 Pac. 24, holding under a California statute that there was no liability for compensation where, after the usual course of recovery from a break in the arm on July 4th, there was a new accident on September 1st, necessitating the resetting of the broken bone, because the second was not the natural or proximate result of the first injury.

In this case there was no showing that there was any slippery condition of the ground causing the fall on March 10th or anything to disprove the testimony of the claimant, supported as to its probability by medical testi-

mony, that it was a giving way of the muscles of the injured leg that caused the fall. Such situation appearing and there being nothing inherently improbable in the theory of the award, there was sufficient to sustain the finding of the *Commission* and the judgment of the court below.

We think such a result within the letter and spirit of our statutes *supra,* and within the following cases involving compensation which included the results of second accidents: *Head D. Co. v. Industrial Acc. Comm.* 177 Cal. 194, 170 Pac. 157, where in getting up from the dining table the claimant displaced the bones of a prior fractured leg; *Shell Co. v. Industrial Acc. Comm.* 36 Cal. App. 463, 172 Pac. 611, a slipping while walking with a crutch and a fracture of the prior broken femur; *Bethlehem S. Corp. v. Industrial Acc. Comm.* 181 Cal. 500, 185 Pac. 179, 7 A. L. R. 1180, where death was caused by germs from an infected foot reaching the face through external means, and held compensable (see note in 7 A. L. R. 1186); *Reiss v. Northway M. & M. Co.* 201 Mich. 90, 166 N. W. 840, a rebreaking of a leg after return to work; *Cramer v. West Bay City S. Co.* 201 Mich. 500, 167 N. W. 843, a slipping while walking with a crutch, aggravating an original injury and requiring an operation, followed by death; *Adams v. W. E. Wood Co.* 203 Mich. 673, 169 N. W. 845, where claimant, while looking for work and after the doctor's suggestion that he so should, was crowded against a street-car door, sustaining a second fracture; *Bagley's Case,* 256 Mass. 593, 152 N. E. 882, an eighty-year-old night watchman suffering abrasion in the face from a fall on the floor which was followed by erysipelas and death, and held to show a causal connection; *Sponatski's Case,* 220 Mass. 526, 108 N. E. 466, leaping from hospital window to death while insane as a result of the destruction of the eye by splashing of hot lead.

*By the Court.*—Judgment affirmed.