**CIRCLE THEATRE, Inc., v. GRANT et al.**
**No. 3898.**

Court of Civil Appeals of Texas. Texarkana.
Nov. 13, 1930.

Collins & Houston, of Dallas, for appellant.
C. E. Farrall, of Dallas, for appellees.

HODGES, J.

This appeal is from a judgment rendered against the appellant in favor of the appellee for $200 as damages for personal injuries. It appears from the record that in May, 1930, the appellant was operating a picture show in the city of Dallas which was attended by a large number of people. The appellee alleges that she attended the show and took her seat somewhere near the center of the building, that during the performance some one down near the front of the building yelled "Fire!" and that, while people were attempting to make their exit from the building, she was knocked down and trampled upon. She charged negligence on the part of the appellant in permitting large numbers of people to stand in the aisles of the theater during the performances. In answer to special issues submitted, the jury found that the appellant was guilty of negligence in permitting the aisles of the building to be crowded, and that such negligence was the proximate cause of the plaintiff's injuries.

The only question which we care to consider in disposing of this appeal is, Was the evidence sufficient to support the findings of the jury? The appellee testified that she entered the building early in the afternoon, that the aisles were crowded at the time. She found a seat, however, near the center of the building, about midway between two aisles. During the performance some one yelled "Fire!" and immediately people from all portions of the building began to get up and rush towards the aisles in order to get out; that she made her way to the aisle, and just as she reached the aisle some one behind her, who had been occupying a seat on the same row, tripped her or knocked her down, and she was trampled upon by other people in their efforts to get out of the building.

We are of the opinion that this evidence was not sufficient to support a finding that permitting people to stand in the aisles was the proximate cause of the plaintiff's injury. It is conceded that the fire alarm was false and was given by some one in the audience. Plaintiff was not injured because the aisles were obstructed, but because some one behind her, who had been seated, pushed or knocked her down.

The judgment will therefore be reversed and judgment here rendered for the appellant.