TENA DAHNA, Appellant, v. CLAY COUNTY FAIR ASSOCIATION, INC., Appellee.

No. 46029.

DECEMBER 15, 1942.

John H. Mitchell, of Fort Dodge, and J. E. Hossack, of Spencer, for appellant.

Burington & Avery, of Spencer, for appellee.

WENNERSTRUM, C. J.— Plaintiff's action for damages is brought for injuries claimed to have been sustained on September 11, 1940, while she was a patron at the fair and exposition conducted by the defendant at Spencer, Iowa. At the time in question plaintiff was in the amphitheater on the fairgrounds, and it is her claim that, because of negligent acts on the part of the defendant, other patrons of the fair were permitted, at the conclusion of the afternoon races and attractions, to step over the seats in a hurried manner instead of walking down the aisle exits. She asserts that she was pushed or knocked down and injured as a result of their acts. The trial court directed a verdict in favor of the defendant at the close of plaintiff's testimony and from the judgment thereafter entered she has appealed.

It is the plaintiff's contention and testimony that there were no ushers or guards present in the amphitheater to direct the crowd as the patrons of the fair were leaving. It is her claim that the defendant was negligent in not providing proper supervision of the crowd and that because of this fact patrons

were permitted to rush down over the seats, thereby pushing against her and causing her to fall, with resulting injuries. It is plaintiff's further contention that this neglect of supervision on the part of the defendant was the proximate cause of her injuries. The trial court sustained the motion for a directed verdict generally, which motion was, in substance: (1) that the plaintiff had failed to show by any competent evidence that the defendant was negligent in any of the grounds set out in the petition; (2) that plaintiff failed to show by any competent evidence that the negligent acts complained of were known by or called to the attention of the defendant or that the same should have been known by the defendant or its agents; (3) that the plaintiff has failed to show herself free from any negligence which caused or contributed to her injuries; (4) that the plaintiff has failed to show what should have been done by the defendant to afford her the protection she claimed she was entitled to under the circumstances; (5) that the evidence expressly shows that the injuries received by the plaintiff were caused by the acts of some third person who pushed against her causing her to fall and that these acts were the proximate cause of the injury, and that there is no showing whatsoever that there was any act of negligence on the part of the defendant which was the proximate cause of the injury.

By reason of the directed verdict the principal question before us is whether or not a jury question was presented and whether or not the court properly directed a verdict. Stated more definitely, Was there any showing of negligence on the part of the defendant which was the proximate cause of the accident?

Questions relating to the liability of operators of fairs and similar places of public amusement have been before this and other courts on numerous occasions. In the case of Clark v. Monroe County Fair Assn., 203 Iowa 1107, 1112, 1113, 212 N. W. 163, 165, we said:

"While a proprietor or manager of a place of public amusement or entertainment is held to a stricter account for injuries to patrons than the owner of private premises generally, the rule is that he is not an insurer of the safety of patrons, but

owes to them only what, under the particular circumstances, is ordinary and reasonable care. * * *

"It seems to be the general trend of the authorities that in almost all cases this question of due care, under the circumstances, is a question for the jury." (Citing cases.)

Further authorities relating to the liability of fair associations are found in 2 Am. Jur. 449, 450, section 56, and cases therein cited, and 3 C. J. S. 393, 396, section 14, and cases cited.

The general rule as to the liability of an amusement enterprise is commented upon in the case of Hawkins v. Maine & New Hampshire Theaters Co., 132 Maine 1, 4, 164 A. 628, 629, where it is stated:

"The obligation, which the proprietor of a theater or amusement enterprise owes to his guests, has been clearly set forth. He must guard them not only against dangers of which he has actual knowledge but also against those which he should reasonably anticipate. Morrison v. Union Park Association, 129 Me., 88, 149 A. 804. The failure to carry out such duty is negligence. A recovery may be had, even though the wilful or negligent act of a third person intervenes and contributes to the injury, provided such act should have been foreseen." (Citing cases.)

However, a further question must be considered—whether or not there is a causal connection between the claimed negligence of the defendant in permitting the patrons of the amphitheater to proceed over the seats in a hurried manner and the injuries received by the plaintiff. The test as to what constitutes proximate cause has been stated in Burk v. Creamery Pkg. Co., 126 Iowa 730, 734, 102 N. W. 793, 795, 106 Am. St. Rep. 377, where we said:

"While there are some loose expressions in the books· to the effect that one is not liable for negligence unless the results of his acts might reasonably have been foreseen by him, the true doctrine, as we understand it, is that it is not necessary to a defendant's liability that the consequences of his negligence should have been foreseen. It is sufficient if the injuries are the natural, though not the necessary or inevitable, result of the

wrong; such injuries as are likely, under ordinary circumstances, to ensue from the act or omission in question. The test, after all, is, would ordinary prudence have suggested to the person sought to be charged with negligence that his act or omission would probably result in injury to some one? The particular result need not be such as that it should have been foreseen. [Citing cases.] In applying this doctrine to cases where there is an intervening agency, it is generally held that the intervening act of an independent voluntary agent does not arrest causation, nor relieve the person doing the first wrong from the consequences thereof, if such intervening act was one which would ordinarily be expected to flow from the act of the first wrong-doer. Lane v. Atlantic, 111 Mass. 136.''

Despite our holding in the case of Clark v. Monroe County Fair Assn., supra, that the question of due care, under the circumstances in that case, is a question for the jury, we do not see where it can be here held that the injuries received are the natural result of the failure of the defendant to control the persons endeavoring to leave the amphitheater. We cannot hold that ordinary prudence would have suggested to the fair association that their failure to have guards and ushers to control the crowd would have resulted in injury to anyone. There is testimony to the effect that on a prior date during the 1940 fair a portion of the crowd sought to reach the exits of the amphitheater by walking over the seats. However, there is no testimony to the effect that anyone was injured as the result of these prior acts.

In the case of Hawkins v. Maine & New Hampshire Theaters Co., supra, wherein a patron was injured by a boy shooting a BB shot in a slingshot at some toy balloons while in a theater, it is stated at page 5 of 132 Maine, page 629 of 164 A.:

"It was under no obligation to provide an attendant for every child, or to anticipate the isolated, wilful and sudden act of one boy, the natural tendency of which was to inflict serious harm upon another. There is no evidence that such an incident ever had happened before or that the defendant had any warning whatsoever that it was likely to take place. It was

not a danger which it was bound to have foreseen or to have guarded against.''

We are of the opinion that the comments as heretofore made in the Hawkins case are applicable to this case. We cannot see how the claimed negligence of the defendant can be held to have any causal connection with the injuries received. Further cases that in substance hold to the same effect are: Barton v. Pepin County Agricultural Soc., 83 Wis. 19, 52 N. W. 1129; Shayne v. Coliseum Bldg. Corp., 270 Ill. App. 547; Ward v. F. R. A. Operating Corp., 265 N. Y. 303, 192 N. E. 585; Circle Theater v. Grant, Tex. Civ. App., 32 S. W. 2d 676.

Defendant's motion to dismiss the appeal has been considered and is overruled.

By reason of our comments and holdings heretofore set forth we conclude that the trial court was correct in directing a verdict in favor of the defendant. That court is therefore affirmed.—Affirmed.

All JUSTICES concur.