CASEY, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*March 3—April 12, 1966.*

For the appellant there was a brief by *Phillips, Hoffman & Phillips* of Milwaukee, and oral argument by *N. Paley Phillips.*

For the respondent Industrial Commission the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

GORDON, J.   Richmond Casey sustained two industrial injuries, one on December 22, 1957, when he fell off a ladder, and the other on July 1, 1958, when he injured his back while engaged in buffing work for his employer.

The problem in this case arose when Mr. Casey applied for an adjustment of his claim based on his employer's failure to comply with a safety order applicable to the ladder which was involved in the first accident. If the adjustment were allowed, Mr. Casey would be entitled to 15 percent increased compensation for a violation of a safety order under sec. 102.57, Stats.

In order to determine Mr. Casey's entitlement to the 15 percent statutory increase, it is necessary to consider the two injuries and the orders relating thereto which were made by the Industrial Commission.

On December 22, 1957, while performing work for his employer, Mr. Casey fell 15 to 20 feet to the floor from a ladder. A doctor was consulted and X rays were taken; however, Mr. Casey worked steadily after the accident and did not incur any wage loss up until the date of the second accident, which took place on July 1, 1958.

On July 1, 1958, Mr. Casey experienced pain in his back during the course of his handling an eight-pound buffing machine. He was taken to a hospital, and subsequently spinal surgery was performed to correct a herniation of an intervertebral disc.

An Industrial Commission examiner held a hearing, and an award of compensation was made on October 28,

1960, to Mr. Casey for temporary disability and for permanent partial disability. In his findings the examiner stated the following:

"That the applicant was admittedly injured December 22, 1957 when he fell off a ladder at the employers garage while arranging Christmas decorations, and *that as of July 1, 1958 the injuries thus sustained were aggravated* while he was in the performance of his usual duties of waxing and buffing automobiles; that during the period from July 1, 1958 to November 14, 1959 the applicant was temporarily totally disabled . . . ." (Emphasis added.)

There was no application for review of the findings of the examiner dated October 28, 1960, and such findings therefore must be "considered the findings or order of the industrial commission as a body," pursuant to sec. 102.18 (3), Stats.

After Mr. Casey made an application for an adjustment of his claim, a hearing was held on August 26, 1964, to examine into the alleged violation of the safety order. On October 13, 1964, an examiner of the commission determined that increased compensation should be paid by reason of the employer's failure to equip the ladder with the required safety devices.

Shortly thereafter, on December 30, 1964, the Industrial Commission set aside the examiner's findings of October 13, 1964, and made the following finding:

"That Examiner Lund's order found an injury on November [December] 22, 1957 and that as of July 1, 1958, the injuries were aggravated while applicant was in the performance of his usual duties of waxing and buffing automobiles; that the Commission finds that the aggravation of July 1, 1958 is a new injury; that no disability occurred after the November [December] 22, 1957 injury and all the disability awarded was the result of the July 1, 1958 injury; that although the respondent violated safety order Ind 1.07 (4) by not providing a ladder with a non slip base, since there was no primary compensation due, there is no liability for 15 per cent increased compensation."

The commission thereupon dismissed Mr. Casey's application for increased compensation, and, upon appeal to the circuit court, judgment was entered on September 14, 1965, affirming the commission's order. We conclude that the circuit court was correct in sustaining the determination of the Industrial Commission.

The difficulty in this case arises from the language used by the examiner in his findings of October 28, 1960. In stating that the injuries of December 22, 1957, were "aggravated" by the injuries of July 1, 1958, the examiner would appear to be stating that he regarded the applicant's fall from the ladder as one of the causes of the disability which resulted in compensation.

If the two accidents had involved different employers, the commission would have been obliged to have determined what percentage of disability was assessable to each of the two industrial accidents. *M. & M. Realty Co. v. Industrial Comm.* (1954), 267 Wis. 52, 64, 64 N. W. (2d) 413. The problem of this case would have been obviated had the examiner on October 28, 1960, affirmatively determined what percentages, if any, were assessable to the two accidents.

Even though the language of the October 28, 1960, findings suggests that some percentage of his disability was chargeable to the earlier accident, this conclusion is expressly contradicted by the commission's order dated December 30, 1964. In such order, the commission determined

". . . that the aggravation of July 1, 1958 is a new injury; that no disability occurred after the November [December] 22, 1957 injury and *all* the disability awarded was the result of the July 1, 1958 injury." (Emphasis added.)

Since the examiner's findings on October 28, 1960, are somewhat ambiguous as to whether the December 22, 1957, injury caused any of the applicant's subsequent

disability, it is arguable that this court should require that the commission clarify that finding. However, it is our opinion that the order of December 30, 1964 (quoted immediately above), constitutes an unequivocal resolution of this question adversely to the applicant.

Accordingly, we conclude that the trial court was correct in affirming the commission's order since the commission has expressly found that the injury of December 22, 1957, did not cause any disability or compensable injury to Mr. Casey. His entitlement to increased compensation under sec. 102.57, Stats., required him to prove that the injury for which he received compensation was caused by his employer's failure to comply with an Industrial Commission order. *Icke Construction Co. v. Industrial Comm.*, ante, p. 63, 139 N. W. (2d) 841; *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 231, 52 N. W. (2d) 401; *Western Lime & Cement Co. v. Industrial Comm.* (1928), 194 Wis. 606, 608, 217 N. W. 303.

The commission is the sole judge of the credibility of the witnesses in workmen's compensation cases. *Soper v. Industrial Comm.* (1958), 5 Wis. (2d) 570, 574, 93 N. W. (2d) 329; *Molinaro v. Industrial Comm.* (1956), 273 Wis. 129, 134, 76 N. W. (2d) 547. Thus, the commission was entitled to give credence to the testimony which established that Mr. Casey was regularly employed as a car polisher during the period between December 22, 1957, and July 1, 1958, and to determine that he had no compensable disability during that period.

We conclude that the commission has made a factual determination adverse to the applicant and that such determination must be affirmed since it is supported by credible evidence. *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 102 N. W. (2d) 93.

*By the Court.*—Judgment affirmed.