WILLIAM WATTERS, Appellee, v. CITY OF WATERLOO, Appellant.

**Defective sidewalks:** ELECTION OF CAUSES. A plaintiff may plead as many causes of action of the same general character as he may possess in separate counts, and is not required to elect under which he will proceed.

**Proximate cause.** Where plaintiff was injured from a fall due to an alleged defective sidewalk and subsequently sustained other injuries from a fall on another street, due to the negligence of the city in failing to keep the walk clear of snow and ice, it is held that the relation of the alleged negligence of the city causing the first injury to the latter accident, was not such as to constitute the former the natural and proximate cause of the latter.

126 199
129 166
126 199
f131 704

126 199
f133 703

126 199
138 209

126 199
140 337

*Appeal from Black Hawk District Court.*— HON. A. S. BLAIR, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover damages for personal injuries. The petition filed was in two counts. In the first count the claim was made that on December 24, 1900, as plaintiff was passing over a sidewalk on Bridge street, one of the public streets in the defendant city, and in the exercise of due care, he was thrown to the ground by a defect negligently allowed by the city to exist in such sidewalk; that in falling his head struck violently upon the pavement, resulting in injuries to his head and brain, a' shock to his nervous system, and an injury to the auditory nerves. In the same count the further allegation is made that' subsequently, and about January 17, 1901, while plaintiff was returning home from work, his head became somewhat dizzy as a result of his fall in December, and, without fault on his own part, he fell upon the sidewalk on his face, striking upon his right eye, completely destroying his sight, making it necessary to have said eye removed, and

causing great injury to his head, brain, and nervous system. In the second count, it was alleged that on and prior to January 17, 1901, the defendant city had negligently allowed ice and snow to accumulate on the sidewalk on Chestnut street in said city, which ice and snow by thawing and freezing had become irregular and rough of formation, with many sharp projections, making passage over same both difficult and dangerous. It is then alleged that, on the day named, plaintiff, while passing over said walk, and in the exercise of due care, slipped on the icy surface and fell, striking his right eye upon the rough and irregular formation, completely destroying the sight thereof, and that he was otherwise injured in his head, brain, and nervous system. Upon coming in, the defendant moved the court that plaintiff be required to elect upon which count of his petition he would proceed, and this for the reason that such counts were inconsistent with each other. The motion was overruled, and thereupon the defendant answered, denying generally. On the trial plaintiff introduced evidence relating to both accidents alleged. The defendant objected to all testimony as to the January accident as incompetent and immaterial, which objections were overruled. At the close of all the evidence the defendant moved for a directed verdict, one of the grounds of the motion being that no negligence on the part of the city had been shown in connection with the Chestnut street walk, and this motion was overruled. In submitting the case to the jury, the court by special instruction withdrew from consideration the second count, the reason therefor being stated " that the evidence fails to show knowledge on the part of the city of the condition of the walk, and plaintiff has failed in said count." The trial resulted in a verdict and judgment in favor of plaintiff, and the defendant appeals.—*Reversed.*

*Miller & Williams,* for appellant.

*Reed & Tuthill,* for appellee.

BISHOP, J.— Appellant complains of the ruling of the court upon its motion to require plaintiff to elect as between the counts of his petition.    We think there was no error.    A

1. ELECTION OF CAUSES.

separate cause of action was pleaded in each count and certainly under our Practice Code a plaintiff may plead as many causes of action of the same general character as he may possess.

II.    In the fourteenth paragraph of the charge the court told the jury, in substance, that if the plaintiff received an injury in December, 1900, as alleged, one of the effects of

2. PROXIMATE CAUSE.

which was occasional spells of dizziness; and, further, if on January 17, 1901, while on his way home he became dizzy, and this was the result of his previous fall and injury, and because thereof he fell and sustained injury as alleged, and that he would not have so fallen but for such dizziness — then in law the last fall would be the result of the first fall, unless an adequate intervening cause for such last fall was found by the jury.    In the fifteenth paragraph an intervening cause is defined as:

A cause which intervenes between a first and subsequent act which produced the last effect; but to relieve the wrongdoer from the effects of his first act which it is claimed caused the last result, the intervening cause must be an adequate one.    The intervening cause, if any, in this case is that which caused the fall of plaintiff on Chestnut street, viz., the alleged unsafe condition of the walk at that place.    You are instructed that if the condition of that walk on Chestnut street was such that it would probably have caused the fall of plaintiff while in the exercise of ordinary care himself, independent of the fact, if it be a fact, that plaintiff was dizzy at the time, then it would be an adequate intervening cause, and the injury at that place and time would not be the natural result of the fall of plaintiff on the 24th of December, in which case the defendant will not be liable for said last fall as the result of the first fall.

The giving of such instructions is assigned as error. And it is the contention of counsel for appellant that in no

event was there warrant for a finding that, as between the alleged negligence in December and the fall and injury in January, the relation was such as to give character to the former as the natural and proximate cause of the latter. This contention, we think, must be sustained.   For the purposes of the present consideration, it may be assumed that the December fall was brought about by negligence on the part of the defendant city; that, as a direct result of such fall, plaintiff was subjected to occasional spells of dizziness; that he was suddenly seized with such a spell on the occasion of his January accident; and that while thus afflicted, and in attempting to save himself by sitting down, he slipped and fell, with the result as alleged by him.   Such fact assumption, it will be observed, comprehends the entire case as related to the instructions of which complaint is made. Now, clearly enough, an approval of such instructions — and they may be considered together — would necessitate our reaching the conclusion, evidently reached by the trial court, that the facts warranted a finding to the effect that a direct and unbroken causal relationship existed between the alleged negligence of December and the accident of January, and that the result as complained of was one that ought reasonably to have been anticipated by the defendant.   This we are unable to do.   In the law of negligence it is fundamental doctrine that the injury and damage alleged must be shown to have been the natural and direct or proximate consequence of the wrongful act complained of, and the direct or proximate consequences of a wrongful act are those that immediately follow upon its commission.   This is not to be taken as saying that the term " proximate " as used in this connection must be understood as meaning closeness or nearness in point of time, or in the physical sequence of events; it means closeness or nearness in point of causal relation. Watson on Personal Injuries, section 32.   In general terms, it may be said to be the rule of the cases that the *causa proxima* is sufficiently established if the facts are so far con-

nected in orderly sequence as that it can be fairly said that, in the absence of the cause alleged, the injury and damage complained of would not have occurred. *Liming v. Railway,* 81 Iowa, 246; *McClain v. Gardon Grove,* 83 Iowa, 235; *Ward v. Railway,* 97 Iowa, 50; *Parmenter v. Marion,* 113 Iowa, 297. It follows as a matter of course that, when the line of causation has been broken by the intervention of some efficient, independent cause, such intervening cause must be accepted as the proximate cause, and in an action against the original wrongdoer the law will not undertake to further pursue the question or resulting damage. To avail the original wrongdoer as a defense, however, the intervening cause must be both independent and responsible of itself. To quote from a learned author: " The true conception is that the train of causes is not broken, so as to relieve the originator of the first cause from responsibility for the result, unless the independent cause which intervened was, of itself, sufficient to produce the result, in which case the law regards it, and not the antecedent cause, as the proximate cause." Thompson on Negligence, section 54 (2d Ed.).

In many of the cases it is stated — and we think the statement sound upon reason as well as authority — that the test of proximate cause is whether the injury and damage exhibited are such in character as that, in view of the cause originally set in motion, such injury and damage ought to have been anticipated as likely to occur. This, indeed, is but a reiteration of a principle which runs through the law of torts generally. One is held to a responsibility for the natural and probable consequences of his acts, because such are conclusively presumed to have been within his intention. He cannot be held to answer for results not within the probable, and hence, in the exercise of reasonable care, could not have been foreseen. That the particular injury complained of in a given case was unthought of by the wrongdoer, and hence not foreseen in point of fact, is, of course, immaterial. If within the probable, he cannot be heard to assert a want

of intention. *Doyle v. Railway,* 77 Iowa, 607; *Glanz v. Railway,* 119 Iowa, 611; *Christianson v. Railway,* 67 Minn. 94 (69 N. W. Rep. 640); *Hill v. Winsor,* 118 Mass. 251; *Railway v. Kellogg,* 94 U. S. 469 (24 L. Ed. 256). That it is not always easy to trace the line of causation must be apparent. It may be said, indeed, that the books are replete with cases which tend to confuse rather than to make clear. Manifestly the question is not one of science or of legal knowledge; it is to be determined in each case as a fact, and this in view of the attending circumstances of fact. *Railway v. Kellogg, supra.* And, invoking a familiar rule, where the circumstances are such that reasonable minds may reach different conclusions, the question is one for the jury; otherwise it is to be determined by the court. As each case will present fact conditions varying in greater or less degree from others, which have arisen, it follows of necessity that a determination in each must be made largely to rest upon its own facts.

Now, that it might have been foreseen that a personal injury such as was sustained by plaintiff in his fall in December would be followed by consequences more or less grave in character, is, of course, not open to question. Among these, naturally, would be pain and suffering, physical and mental; the impairment or loss of any of the functions of the body, and even insanity or death, might be expected as among the probable results. So, too, inherent in an injury thus sustained are the probable effects upon the future career of the person injured, such as the ability to attend to the duties, and to enjoy the comforts and pleasures of life, and, as well, the direct and unavoidable tendency, in view of the extent and character of his injury, to expose him to the outward annoyances and dangers of life. These, all being within the limits of probable expectation, are to be considered as direct or proximate results. It is not to be understood, however, that a cause, proximate in itself, loses its character as such because in proceeding to a result naturally to be

expected therefrom — and which result is in fact complained of — it may be joined by other and independent or concurring causes, and thus aided in the accomplishment of such result. In all such cases, if the line of causation is not broken, the original wrongdoer will remain liable. *Liming v. Railway, supra; Gould v. Schermer,* 101 Iowa, 582; *Harvey v. Clarinda,* 111 Iowa, 528; *Osborne v. Van Dyke,* 113 Iowa, 557. Obviously, however, it is quite a different thing to say that a result having no direct causal relation with the negligent act complained of, but proceeding from a source wholly independent thereof, must be held to come into proximate relation with the original negligent act because aided in some way by one or more of the results flowing from such original act. This would be to indefinitely extend the boundaries of the field of reasonable expectation beyond the limits of the probable, and would be not only without warrant in reason, but against the clear weight of authority. In principle the following cases lend support to the conclusion reached by us: *Scheffer v. Railway,* 105 U. S. 249 (26 L. Ed. 1070); *Doggett v. Railway,* 78 N. C. 305; *Hargous v. Ablon,* 5 Hill. 474; *Shugart v. Egan,* 83 Ill. 56 (25 Am. Rep. 359); *Spaulding v. Winslow,* 74 Me. 528.

We are made aware that a holding, seemingly at variance with our conclusion, was reached by the Wisconsin court in the case of *Weiting v. Town,* 77 Wis. 523 (46 N. W. 879). In that case the negligence charged was a highway defect which had resulted in plaintiff's leg being broken. On the trial it was made to appear that subsequently a buggy in which plaintiff was riding was overturned, resulting in a rebreaking of his leg. The trial court charged the jury, in substance, that if the overturning of the buggy was without negligence, and it being found that the second breaking of plaintiff's leg would not have occurred but for the weakened condition thereof consequent upon the previous accident, the recovery might include the damages preceding directly from such sec-

ond breaking. The instruction thus given was approved, without any statement of reasons, or discussion of the principle involved, the court resting its holdings upon the authority of *Brown v. Railway,* 54 Wis. 342 (11 N. W. Rep. 356, 911, 41 Am. Rep. 41), and *Railway v. Kellogg,* 94 U. S. 475 (24 L. Ed. 256). In our view, the variance in the facts involved make it doubtful, to say the least, if any support for such holding can be found in the cases upon which it is based. But should we admit of soundness in the holding — and we do not — the case upon its facts is easily distinguishable from the case we have before us. Here the immediate, and hence the proximate, cause of the fall sustained by plaintiff in January, and from which the injury complained of proceeded, was his slipping upon the icy walk. At most, the dizziness consequent upon the December fall gave rise to a necessity for sitting down; it did not cause plaintiff to slip and fall, these being caused wholly by the condition of the walk. Moreover, the injury to plaintiff's eye, being the particular injury here complained of, was wholly unrelated to any injury sustained as the direct result of the December accident.

Without further extending this opinion, we conclude, for the reasons stated, that the giving of the instructions complained of was error. Other errors assigned are not likely to again arise. It follows that the judgment must be reversed, and the cause remanded for a new trial.—*Reversed.*