(No. 7082.   March 24, 1943.)

EDITH M. LINDER, surviving widow on her own behalf and on behalf of all other dependents of Lloyd F. Linder, Deceased, Appellant, v. CITY OF PAYETTE, Payette County, Idaho, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[135 Pac. (2d) 440.]

E. B. Smith for appellant.

John T. Kenward and Frank L. Benson for respondents.

GIVENS, J.—Following the death of Lloyd F. Linder, adverted to in *Mahoney v. City of Payette, Idaho*, 133 P. (2d) 927, his widow and two surviving minor children, as dependents, sought death benefits, urging his death was a result of the initial accident and injury referred to and described in detail in the above case, q. v.

The appeal is from the board's finding there was no casual connection and denial of compensation.

June 14, 1941 (the original accident occurred March 31, 1941), his left arm still in a plaster cast weighing about eight pounds and extending from the shoulder to the fingers, holding the elbow rigid, the forearm at right angles to the upper arm, Linder with a companion in a small boat was fishing in Sage Hen Reservoir. The companion, sitting in the stern, caught a fish; Linder raised up from the bow to assist in landing the fish; the prow went straight up in the air, and the boat turned over backwards, precipitating both into the water. The companion was rescued. Linder's body was later recovered. No autopsy was performed, and there is no direct evidence as to the exact cause of death. Appellant and respondent, however, evidently agreed he was drowned, have so stated, the board has so found, and it was so pronounced, though perhaps prematurely, in the previous opinion.

On such assumption appellant urges the original accident was the proximate cause of the death because the cast on Linder's arm interfered with his efforts to save himself by swimming or holding on to the boat and misled rescuers into thinking he had a life presever, wherefore they successfully assisted his companion first.

Respondents' assertion that the former case is res judicata, barring recovery because this claim was not therein asserted, is groundless because neither the parties nor bases for compensation are the same. (*Evans v. Davidson*, 57 Ida. 548, 67 P. (2d) 83.) The former action was by the administrator for an accrued claim under the special schedule statute, Sec. 43-1113, I. C. A., while the present claim is by the widow and minor children under Sec. 43-1101, I. C. A.

We accept as correct appellant's proposition of law that the definition and determination of "proximate

cause" in the field of torts is applicable herein. A recognized concomitant is that if there occurs, after the initial accident and injury, an intervening, independent, responsible, and culminating cause, the latter occurrence becomes the proximate cause.[1]

" 'The proximate cause of an event must be understood to be that which in a natural and continuous sequence, *unbroken by a new cause,* produces that event and without which that event would not have accurred.' " [Emphasis mine.] (*Pilmer v. Boise Traction Co., Ltd.,* 14 Ida. 327, at 341, 94 P. 432.)

" 'The law regards the one as the proximate cause of the other, without regard to the lapse of time *where no other cause intervenes or comes between* the negligence [initial injury] charged and the injuries received to contribute to it. *There must be nothing to break the causal connection* between the alleged negligence [first accident and injury] and the injuries [death].' " [Emphasis mine.] (*Antler v. Cox,* 27 Ida. 517, at 527, 149 P. 731.)

It must be clearly kept in mind that the essential causal connection which must not be broken is, not that between the concededly compensable accident and the direct injury therefrom (*Brink v. H. Earl Clack Co.,* 60 Ida. 730, 96 P. (2d) 500), but between the initial accident and injury and a subsequent and otherwise disconnected injury having no relationship whatever to decedent's employment.

While the facts are not in dispute, different inferences might be drawn therefrom as to what actually caused Linder's death and what was the proximate cause.

In *Marshall v. City of Pittsburgh,* 119 Pa. Sup. 189, 180 Atl. 733; *Adams v. W. E. Wood Co.,* 203 Mich. 673, 169 N. W. 845; *Shell Co. v. Industrial Accident Commission,* 36 Cal. App. 463, 172 P. 611; *Western Lime & Cement Co. v. Boll,* 194 Wis. 606, 217 N. W. 303; and In re Sponatski, 220 Mass. 526, 108 N. E. 466, relied upon by appellant, and *Unger & Mahon v. Lidston,* 177 Md. 265, 9 Atl. (2d) 604) the court recognized the above ancillary rule and merely affirmed findings that there was a casual connection between the initial accident and injury and the subsequent incapacity; in other words, that the initial accident was the proximate cause of the subsequent injury or death.

---

[1]45 C. J. 929, Sec. 490; 62 C. J. 1120, Sec. 31; 71 C. J. 634, Sec. 390, and p. 637, Sec. 391.

On the other hand, courts have sustained findings on comparable situations that the last (herein the capsizing of the boat) and not the first accident was the proximate cause of the ultimate disability or death. (*Pacific Coast Casualty Co. v. Pillsbury*, 171 Cal. 319, 153 P. 24; *Farmers' Gin Co. v. Cooper*, 147 Okl. 29, 294 P. 108; *Kolyer v. Westmoreland Coal Co., Pa.*, 27 Atl. (2d) 272, distinguishing *Marshall v. City of Pittsburgh*, supra; *Rittler v. Industrial Commission*, 351 Ill. 338, 184 N. E. 654; *Kill v. Industrial Commission*, 160 Wis. 549, 152 N. W. 148, 1916A L. R. A. 14; *Watters v. City of Waterloo*, 126 Iowa 199, 101 N. W. 871; *Winter v. Industrial Commission*, 205 Wis. 246, 237 N. W. 106; *Texas Employers' Ins. Ass'n v. Burnett*, 129 Tex. 407, 105 S. W. (2d) 200.)

The above authorities and the record herein justify the board's findings. (*Miller v. Gooding Highway Dist.*, 55 Ida. 258, 41 P. (2d) 625; *Stearns v. Graves*, 62 Ida. 312, 111 P. (2d) 882; *Patrick v. Smith Baking Co.*, Ida. 129 P. (2d) 651.)

The order of the board is therefore affirmed.

Holden, C.J., Ailshie and Dunlap, JJ., concur.